# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDY CHRISTOPHER,**

    **Plaintiff,**

**-vs-**                **Case No. 6:06-cv-438-Orl-22DAB**

**DAMIANO LONG, LLC, and SCHOOR DePALMA, INC.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **VERIFIED MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 35)**
>
> **FILED:**    **May 2, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:**   **MOTION FOR LEAVE TO FILE RESPONSE TO VERIFIED MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. No. 40)**
>
> **FILED:**    **June 4, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

As set forth at hearing and confirmed in a written Order, Plaintiff, appearing pro se, was given until May 31, 2007, in which to file a written response to the motion to enforce the settlement agreement (Doc. Nos. 36, 37). The Court advised Plaintiff that he was obligated to respond to the motion, and that failure to timely do so "may result in the motion being granted, as unopposed, and/or the imposition of sanctions, including dismissal of the case for failure to prosecute." (Doc. No. 36). Despite this clear direction, Plaintiff made no *timel*y filing to controvert the allegations in the verified motion. Rather, on June 4, 2007, new counsel filed a notice of appearance on Plaintiff's behalf and moves to file a response in opposition to the verified motion to enforce the settlement agreement. Although the motion does not set forth particularly persuasive grounds for relief (counsel states that he was unaware of the deadline, which was clearly set forth in both the minutes of the last hearing and the Order), in the interest of a complete record, the Court **grants** the motion for leave, and will allow the response to stand (Doc. No. 41).

With respect to the issue at hand, "[w]here material facts concerning the existence or terms of an agreement to settle are in dispute, or where there is a material dispute about the authority of an attorney to enter a settlement agreement on behalf of his client, the parties must be allowed an evidentiary hearing." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir.1994) (internal citations omitted). A district court may, however, summarily enforce a complete settlement agreement. *BP Products North America, Inc. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1132 (M.D. Fla. 2007). The Court should look to Florida law to determine whether the parties reached an enforceable settlement agreement. *Id.* (internal citation omitted). As this district recently noted:

> In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources. Courts will enforce them when it is possible to do so. *See Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc*., 704 So.2d 669, 673 (Fla. 1st DCA 1997). Settlement agreements in Florida are interpreted and governed by the law of contracts. *Williams v. Ingram*, 605 So.2d 890 (Fla. 1st DCA 1992). The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement. *Carroll v. Carroll,* 532 So.2d 1109 (Fla. 4th DCA 1988), *rev. denied*, 542 So.2d 1332 (Fla.1989).
>
> To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. *See, e.g., Don L. Tullis and Assoc., Inc. v. Benge*, 473 So.2d 1384 (Fla. 1st DCA 1985).

*BP Products North America, Inc*., *supra,* 469 F.Supp.2d at 1133.

Applied here, the Court finds that the parties settled the matter, that the terms of the Settlement Agreement are complete and that the settlement should be enforced summarily. The evidence indicates that the parties had settled the agreement, by agreeing to all material terms, as reflected in the attachments to the motion. Plaintiff's former counsel (now withdrawn) has confirmed the settlement to the Court (Doc. No. 32) and Defendant has tendered the agreed upon but unexecuted Settlement Agreement for the Court's review (Doc. No. 35-3). Plaintiff does not contest the authority of his former counsel to enter into a settlement on his behalf, and there is no allegation or evidence of coercion. Absent any evidence[1] to the contrary, the Court finds that the parties did, indeed, enter into a settlement agreement in this case, as reflected by the correspondence between the parties' counsel.[2] The terms of the deal are specific and memorialized in the Settlement Agreement, which

---

[1] The argument presented in Plaintiff's belated response is not evidence. Plaintiff has offered no evidence, via Affidavit or otherwise, to contradict the verified motion.

[2] Contrary to the assertions made by current counsel, the parties did reach clear agreement with respect to the indemnification issues. The email correspondence reflects that the Settlement Agreement, including the indemnification provision (which was specifically referenced in the email), was transmitted to Plaintiff's prior counsel on April 17, 2007, along with a request that Plaintiff's counsel advise as to whether defense counsel "can file a notice with the Court that we have settled the matter." (Doc. No. 35-3, p. 2). Plaintiff's counsel responded: "Go ahead and file with the court- we have a

(continued...)

was tendered to and accepted by Plaintiff's counsel, on Plaintiff's behalf.  The motion to enforce the settlement agreement, to the extent it seeks recognition of the agreement, should therefore be **granted.** Should the Court adopt this recommendation, however, the Court must still determine whether the settlement agreement should be approved.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an att1orney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that

---

²(...continued)
deal." *Id.*

>        are actually in dispute; we allow the district court to approve the settlement in order
>        to promote the policy of encouraging settlement of litigation.

*Id.*

Here, Plaintiff sued his ex-employer for unpaid overtime and for damages for terminating his employment in retaliation for complaining about this payroll practice. Defendants denied any wrongdoing. Plaintiff claimed damages of $17,147.95 in unpaid overtime, plus liquidated damages in the same amount; approximately $30,000 in "emotional distress and compensatory damages" relating to the retaliation claim, and attorney's fees and costs (Doc. No. 17-2). The settlement provides payment to Christopher of $55,000, to wit: $5,000 less applicable taxes and withholdings and $50,000 "liquidated damages, alleged emotional distress and in consideration for Plaintiff's release of all claims." (Doc. No. 35-3 at paragraph numbered 2). Additionally, $20,000 in fees and costs are to be paid to Plaintiff's attorney.

Plaintiff contends that the settlement is unfair as "there has been no identification as to what is being paid to Plaintiff for his unpaid overtime claim versus his retaliation claim" and notes the "dramatic disparity" as to what Plaintiff claimed in unpaid overtime and the amount provided in the agreement. The Court sees no dramatic disparity. While the Settlement Agreement is not elegant in defining which money is for which claim, as Plaintiff claimed approximately $64,000.00 in total damages for both claims, settlement in the amount of $55,000.00 appears to be fair and reasonable, considering that a large portion of the claim (damages for retaliation) is mostly intangible. As for attorney's fees, the amount is well above what the Court normally considers for a standard overtime claim, but this complaint included a separate claim for retaliation. Moreover, the fee agreement tendered by counsel (Doc. No. 38-1) provides for the greater of a fee awarded by the court or 40%

of the total amount recovered (including any court awarded fees). No party has objected to the amount and the fee sought is within the parameters already agreed to by the client. Under the circumstances presented, the Court finds the settlement to be objectively fair and reasonable and therefore **respectfully recommends** that it be **approved**.

### *CONCLUSION*

It is **respectfully recommended** that the motion be **granted**, the settlement agreement be **approved** as a fair and reasonable resolution of a bona fide FLSA dispute, and the parties be **ordered** to comply with the terms of the Settlement Agreement and General Release. If this recommendation is adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 7, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy